**FILED**
**Dec 23, 2024**
**11:50 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT JACKSON

| | |
|---|---|
| **MARK McCLANAHAN,**<br>    **Employee,** | ) **Docket No. 2019-07-0500** |
| **v.** | ) **State File No. 80482-2019** |
| **BOBBY TUCKER,**<br>    **Uninsured Employer.** | ) **Judge Allen Phillips** |

---

## AMENDED COMPENSATION ORDER

---

The Court became aware of clerical errors in its Compensation Order entered on September 3, 2020. Specifically, that order included several references to an incorrect date of injury. Thus, under Tennessee Rules of Civil Procedure 60.01 (2024), the Court amends the Compensation Order to reflect the correct date of injury as July *11*, 2019.

### History of Claim

On July 11, a drill severely twisted Mr. McClanahan's right wrist when he worked for Mr. Tucker as an electrician. After reporting the injury, he learned Mr. Tucker was uninsured.

Mr. McClanahan sought medical treatment on his own from Dr. Timothy Sweo, who diagnosed a torn wrist ligament and ultimately performed surgery to repair it. During follow-up treatment in September, Dr. Sweo placed work restrictions and stated Mr. McClanahan could not use his hand for "physical labor for several more months." However, on October 16, Dr. Sweo observed "a lot of grease and dirt" on Mr. McClanahan's right hand and recorded he was "using it for work." On November 27, Dr. Sweo released Mr. McClanahan "to return to activities as tolerated."

Mr. McClanahan filed a Petition for Benefit Determination requesting medical and temporary total disability benefits (TTD). Specifically, he wanted payment for ongoing treatment with Dr. Sweo and TTD from the date of injury through November 27, when Dr. Sweo released him. After the PBD filing, a Compliance Investigator of the Bureau of

1

Workers' Compensation completed an Investigative Report in which he determined that: Mr. McClanahan was an employee of Mr. Tucker; Mr. Tucker was uninsured on the date of the accident; Mr. McClanahan was a Tennessee resident; and he provided notice of his injury to the Bureau within sixty days.

In March 2020, the Court held an Expedited Hearing and found Mr. McClanahan would likely prevail at trial regarding his request for medical benefits. The Court designated Dr. Sweo as the authorized treating physician.[1] However, the Court denied Mr. McClanahan's TTD request because a pay stub from Mr. Tucker suggested he earned wages during the period he claimed to be disabled, and he told Dr. Sweo that he used his hand for work before being released.

At the Compensation Hearing, Mr. McClanahan explained why a pay stub documented "wages" for the period of July 29 to August 2, 2019. Namely, he said that he did not work during that period, but instead Mr. Tucker voluntarily paid him his regular earnings of $720 per week by agreement. Mr. Tucker confirmed that agreement in his testimony. As to Dr. Sweo's comment in October about him working, Mr. McClanahan explained without contravention that he attempted to perform some electrical work on a casual basis, but that he was unable to complete the job. He arranged for someone else to complete it and was not paid anything for the attempt.

Regarding his current condition, Mr. McClanahan said he was at "40%" strength in his arm, and his inability to use it affected both his work and personal lives. He has tried odd jobs but has not held steady work since his injury. He said Dr. Sweo told him he "was as good as he would get," but the doctor added he might require a wrist fusion in the future. Mr. McClanahan offered a Standard Form Medical Report for Industrial Injuries (C-32), in which Dr. Sweo noted the injury was primarily related to the drill incident and to which he attached a Form C30A assessing a fourteen percent impairment to the body as a whole under the *American Medical Association Guidelines to the Evaluation of Permanent Impairment, 6th Edition*.

Mr. McClanahan requested future medical benefits, TTD benefits from July 11 through November 27, and permanent partial disability benefits based on Dr. Sweo's rating. He contended his compensation rate was $480 per week based on weekly earnings of $720.

In his testimony, Mr. Tucker questioned the details of Mr. McClanahan's injury, the quality of his work, and his purported lack of punctuality. Further, Mr. McClanahan admitted on cross-examination that he had performed vinyl siding installation since his release from Dr. Sweo. However, Mr. Tucker offered nothing that contradicted Dr. Sweo's

---

[1] Mr. McClanahan's medical bills were paid by private insurance, and he did not request reimbursement of the bills.

causation opinion, the impairment rating, the time Mr. McClanahan was off work, or the compensation rate.

**Findings of Fact and Conclusions of Law**

Mr. McClanahan bears the burden of proof on all elements of his claim. *Scott v. Integrity Staffing Solutions*, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Aug. 18, 2015). At a Compensation Hearing, he must establish those elements by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2019).

As a threshold matter, Mr. McClanahan must establish that his injury resulted from a specific incident arising primarily out of his employment. Tenn. Code Ann. § 50-6-102(14)(A). An injury "arises primarily out of" the employment" only if it contributed more than fifty percent in causing the injury to a reasonable degree of medical certainty. Tenn. Code Ann. § 50-6-102(14)(B) and (C). Here, Mr. McClanahan established his injury resulted from a specific incident, the drill twisting his arm, by both his uncontroverted testimony and Dr. Sweo's C-32. Further, Dr. Sweo's C-32 established that the injury arose primarily out of the employment to a reasonable degree of medical certainty. Having found the compensability of his claim by a preponderance of the evidence, the Court will address each requested benefit in turn.

First, the Court considers Mr. McClanahan's request for medical benefits. Tennessee Code Annotated section 50-6-204(a)(1)(A) requires that the employer furnish medical treatment made reasonably necessary by an injury. Because his injury is compensable, the Court holds that Mr. Tucker is responsible for Mr. McClanahan's future medical treatment and designates Dr. Sweo as the authorized treating physician.

Second, Mr. McClanahan may be eligible for temporary disability benefits if he shows the following: (1) he became disabled from working due to a compensable injury; (2) there is a causal connection between his injury and his inability to work; and (3) he established the duration of the period of disability. *Jones v. Crencor Leasing and Sales*, 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). As at the Expedited Hearing, Mr. McClanahan requested TTD for the period of July 11 to November 27. However, unlike at the Expedited Hearing, he explained the facts behind the pay stub suggesting his receipt of wages during that period. Specifically, he said Mr. Tucker paid him even though he did not work; Mr. Tucker agreed. Further, Mr. McClanahan explained, without contravention, that he tried working in October but earned no wages. Thus, the Court holds Mr. McClanahan is entitled to TTD from July 11 through November 27, 2019, because he established Dr. Sweo restricted his ability to work due to an injury causally connected to his work. The period of total disability equals 19 weeks and six days and entitles Mr. McClanahan to TTD of $9,528. (19.85 weeks x $480).

3

Third, the Court holds Mr. McClanahan is entitled to an award of permanent partial disability benefits. He established by Dr. Sweo's C-32 and attached C-30A that he sustained a fourteen percent permanent partial impairment to the body as a whole. In *Baumgardner v. United Parcel Serv.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 63, at *10-11 (Oct. 18, 2017), the Appeals Board noted that "the method of calculating permanent partial disability as set forth in Tennessee Code Annotated section 50-6-207 is dependent on the existence of a permanent medical impairment rating," and that rating is the "statutory mechanism" for calculation of the amount of permanent partial disability.

Here, under section 207(3)(A), Dr. Sweo's fourteen percent impairment to the body results in an original award of sixty-three weeks of benefits or $30,240. (450 weeks x 14% x $480). The initial period of compensation will not end until February 10, 2021. Because Dr. Sweo placed Mr. McClanahan at maximum medical improvement on November 27, 2019, the accrued benefits from that date through September 4, 2020, a period of forty weeks and three days, are payable in a lump sum of $19,401.60. The remaining twenty-two weeks and four days of permanent disability benefits are payable periodically in equal biweekly payments until paid in full.

Finally, because Mr. Tucker was uninsured on July 11, 2019, the Court considers whether Mr. McClanahan is eligible to recover from the Bureau's Uninsured Employer's Fund. The Bureau has discretion to pay limited medical and TTD benefits to Mr. McClanahan if he establishes several criteria. The Court finds the following:

- Mr. McClanahan worked for Mr. Tucker, an uninsured employer, and Mr. McClanahan suffered an injury arising primarily out of and in the course and scope of employment on July 11, 2019.
- He was a Tennessee resident on that date, and he provided notice to the Bureau of the injury and Mr. Tucker's failure to provide workers' compensation insurance within sixty days of his injury.
- This order serves as a judgment for workers' compensation benefits against Mr. Tucker for the injury in question.

*See* Tenn. Code Ann.§ 50-6-801(d). The Court holds Mr. McClanahan established the required criteria.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Tucker shall provide Mr. McClanahan continuing medical treatment under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Sweo is designated the authorized physician.

2. Mr. Tucker shall pay Mr. McClanahan temporary total disability benefits of $9,528 for the period of July 11, 2019, through November 27, 2020.

4

3. Mr. Tucker shall pay Mr. McClanahan benefits for a fourteen-percent permanent partial disability in the amount of $30,240. Of that amount, $19,401.60 is payable in a lump sum for the period of November 27, 2019, through September 4, 2020, with the balance of $10,838.40, to be paid in equal biweekly installments of $960 until paid in full. Mr. McClanahan maintains the right to file a claim for increased benefits at the end of the original benefit period if he does not return to work at the same or greater wages earned at the time of injury.

4. The Court taxes the $150.00 filing fee to Mr. Tucker, to be paid to the Court Clerk under Tennessee Compilation Rules and Regulations 0800-02-21-.06 if not already paid.

5. The original Compensation Order was not appealed and became final thirty days after its entry on September 3, 2020.

**ENTERED December 23, 2024, nunc pro tunc September 3, 2020.**

*Allen Phillips*

_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**


**APPENDIX**

<u>Exhibits:</u>
1. Collective Medical Records
2. C-32 Form of Dr. Sweo with attached C-30A Form
3. Mr. McClanahan's paystub from Mr. Tucker
4. Investigative Report of Bureau of Workers' Compensation

<u>Technical record:</u>

1. Petition for Benefit Determination
2. Request for Expedited Hearing with employee's affidavit
3. Expedited Hearing Order including Technical Record and Exhibits
4. Scheduling Order
5. Post-Discovery Dispute Certification Notice
6. Employee's Pre-Compensation Hearing Statement
7. Order Setting Status Hearing (July 29, 2020)
8. Order Setting Compensation Hearing (August 18, 2020)

## CERTIFICATE OF SERVICE

I certify that a copy of this Amended Compensation Order was sent as indicated on December 23, 2024.

| Name | Via Mail | Via Email | Service Sent To: |
|---|---|---|---|
| C. Mark Donahoe, Attorney for Employee | | X | Cmd@donahoefirm.com haley@donahoefirm.com |
| Bobby Tucker, Employer | X | | 732 Sanders Bluff Rd., Humboldt, TN 38343 |
| Uninsured Employers Fund | | X | LaShawn.Pender@tn.gov |

_____

**Penny Shrum, Court Clerk**
**Wc.courtclerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➤ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➤ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____ ☐ Motion Order filed on _____

☐ Compensation Order filed on_____ ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee
Appellee's Address: _____ Phone: _____
Email: _____
Attorney's Name: _____ BPR#: _____
Attorney's Email: _____ Phone: _____
Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*